## Daniel Clark v. John J. Davis.

*Estates of deceased persons:  Mortgages:  Promissory notes:  Personalty:  Proof
of debts.*     One who holds notes secured by mortgage against the estate
of a deceased person cannot resort to the personalty of such estate for
the payment of his notes without presenting and proving them before the
commissioners on claims, or the probate court, as provided by the stat-
ute.

*Estates of deceased persons:  Proof of claims:  Commissioners:  Probate prac-
tice.*     Commissioners on claims act judicially in the allowance of claims
against estates of deceased persons, and the administrator cannot bind
the estate by admitting their correctness, but must leave them to be
proved in the usual mode; and where commissioners are appointed, the
probate court has no authority over the claims, further than to order
dividends from time to time among those whose claims are allowed until
all are paid.

*Estates of deceased persons:  Proof of claims:  Mortgage debts.*     Claims secured
by mortgage or otherwise are no exception to the rule under our statutes,
that all personal demands against estates are required to be regularly
presented and proved within a time allowed by the court for the pur-
pose, and that all not proved are barred.

*Debts:  Personalty:  Primary fund:  Estates of deceased persons.*     Whether
the rule of law which makes the personal property the first fund for the
satisfaction of debts remains unchanged by our statute:—*Quære ?*

*Mortgages:  Heirs:  Personal estate:  Surplus moneys:  Proof of debts.*     An
heir at law to whom lands have descended which are subject to a mort-
gage given by his ancestor in his life-time, has no right, as against one
entitled to the surplus of the personalty after payment of all demands
duly allowed against the estate, where the debt secured by the mortgage
has not been presented and allowed as a claim against the estate, to have
such surplus applied to the payment of such mortgage debt.

*Estates of deceased persons:  Mortgage debts:  Probate practice:  Proof of debts:
Contingent claims.*     The proper course for an heir at law thus situated, to
put himself in position to claim the benefit of the rule of law, if it be
applicable to such a case, that the personal estate is the primary fund
for the payment of debts, and that land mortgaged to secure a debt

CLARK *v.* DAVIS.

stands in the position of surety merely, and is to be relieved if the primary fund be sufficient for the purpose, is, in case the mortgagee neglects to prove the mortgage debt as a claim against the estate, to prove it himself as a contingent claim in his own behalf.

*Submitted on briefs April 29.     Decided June 8.*

Case made from St. Joseph Circuit.

This cause was brought into the circuit by an appeal from an order of the probate court denying the application of said Daniel Clark to have the surplus money belonging to the estate of Dolphus O. Clark, deceased, applied to the payment of a mortgage given by the deceased, and resting upon lands which have descended to said Daniel Clark, as heir at law of said deceased.

*Upson & Thompson,* for the claimant.

*H. H. Riley,* for respondent.

COOLEY, J:

In the briefs in this case the discussion has taken a wide range, embracing questions of the marshalling of assets, and of the general right of heirs at law to have debts which are secured by mortgage on lands paid from the personalty to the relief of the real estate.    Whether these questions are fairly in the case, as it is now presented, is perhaps the point to which our attention should first be addressed.

The controversy arises out of the distribution of the estate of which the respondent is administrator; the widow claiming a surplus of moneys which remains after the payment of all demands which have been allowed against the estate, and Daniel Clark, the appellant, claiming that it should be applied to the satisfaction, so far as it would go, of five promissory notes given by the intestate in his lifetime, and secured by mortgage on lands which have descended to said Daniel Clark as heir at law.  Clark's position is, that the personal estate is the first fund for the payment of

debts, and that land mortgaged to secure a debt stands in the position of surety merely, and is to be relieved if the primary fund is sufficient for the purpose.

The notes were not proved before the commissioners, and are only brought in as claims against the estate when distribution comes to be made. This indicates that the mortgagee was satisfied with his security on the land, and did not care to resort to the personalty. He certainly could not resort to it without proving the notes before the commissioners, or the court, as the statute (*Comp. L. 1871,* § *4433,*) expressly bars all remedy on claims not presented and proved. The question is, whether his neglect to prove his notes as claims against the estate is to affect the rights of others.

It would seem to be clear that if the heir is entitled to have the mortgage lien discharged, his right cannot be controlled by the action of the mortgagee in proving or refraining from proving his demand. The action of the mortgagee would be governed by a consideration of his own interest, and he could have no occasion for proving his demand unless in his opinion the mortgage security would be insufficient for its satisfaction. He has no interest in any controversy between the heir and distributee, but will resort to 'the one fund or the other, or to both, as he may deem necessary to protect himself.

It is not disputed that, had the mortgagee proved his notes, he would have been paid with other claimants, or received his proportion with them if they were not paid in full. But it would be an anomaly if the rights of other persons should depend upon his action or non-action, taken or abstained from on a consideration of his own interest exclusively, and which they could not control. A man having a right, either legal or equitable, is always supposed to have a remedy provided for it, which is his of right, and does not depend upon the favor or good-will of others. This much seems to us plain.

But the question still remains, whether Daniel Clark was

entitled of right to demand the money in controversy at the time of the final distribution, when the mortgage notes had never been proved and allowed. It may appear, perhaps, that if the mortgagee failed to prove the notes, though this would not deprive any other party concerned of his proper remedy, yet it might impose upon such other party the necessity of making such proof, as a necessary pre-requisite to participation in distribution. And this, it seems to us, is the difficulty with this claimant's case.

The general idea of our statute,—*Comp. L. 1871, chap. 158,*—is that all claims against the estates of deceased persons shall be duly proved before commissioners appointed to hear them, or before the probate court when no commissioners are appointed. The commissioners act judicially in the allowance of claims, and the administrator cannot bind the estate by admitting their correctness, but must leave them to be proved in the usual mode.—*Fish v. Morse, 8 Mich., 34.* Where commissioners are appointed, as was the case here, the probate court has no authority over the claims, and parties thinking themselves aggrieved appeal, not to that court, but to the circuit court.—*Comp. L., § 4439.* All that the probate court can do is to order dividends made from time to time among those whose claims are allowed until all are paid.

In the case before us, however, it would have been a necessary pre-requisite to any action favorable to Daniel Clark, on his application for this fund, that the mortgage debt should have been examined, considered and the amount determined upon; and this by the probate court itself, in a case where commissioners had been duly appointed, and had acted. But even to the court no application seems to have been made for the proof of the claim in due form, but the claimant treats the mortgage debt as unquestionable, and demands that the sum in controversy shall be applied upon it without such proof.

It is true that in this case the amount of the mortgage debt is not disputed, but this cannot be material if the

administrator has no authority to fix the amount by his admission. It is only claims duly adjusted in the mode provided by the statute, that the probate court can order paid. A mortgage debt is as much liable to be the subject of dispute and controversy as any other, and if there could be any reason for leaving the amount to be determined by the probate court in a collateral inquiry, instead of on a direct hearing for the purpose, a consideration of the statute makes it evident to our minds that such has not been its purpose. All personal demands against estates are required to be regularly presented and proved within a time allowed by the court for the purpose, and all not proved are barred. No exception is made of claims secured by mortgage or otherwise.

What, then, was the remedy of the heir at law? It appears to us that this question is determined by the statute itself.

The statute,—§ 4464,—provides that "If any person shall be liable as security for the deceased, or have any other contingent claim against his estate, which cannot be proved as a debt before the commissioners, or allowed by them, the same may be presented, with the proper proof, to the probate court, or to the commissioners, who shall state the same in their report, if such claim was presented to them." The next section provides that if the court is satisfied from the report, or the proof exhibited, the administrator may be ordered to retain sufficient of the estate to pay such contingent debt when the same shall have become absolute. *Section 4466* is as follows: "If such contingent claim shall become absolute, and shall be presented to the probate court, or to the executor or administrator, at any time within two years from the time limited for other creditors to present their claims to the commissioners, it may be allowed by the probate court upon due proof, or it may be proved before the commissioners already appointed, or before others to be appointed for that purpose, in the same manner as if presented for allowance before the commissioners had made

CLARK v. DAVIS.

their report; and the persons interested shall have the same right of appeal as in other cases." Further provisions need not be noticed.

Now in one sense the mortgage debt was a claim that might have been proved. The mortgagee might have proved it if he had seen fit to do so. But the heir could not prove it as a debt to him. In his favor any demand against the estate, if he could have any on the facts, would have been contingent on his lands being resorted to for the satisfaction of the mortgage. This being so, his case would seem to be within the statute, and his remedy, if the mortgagee failed to prove the demand, would be to take the proper steps to secure his rights as one having a possible or contingent claim. The statute knows but two classes of claims, those which are absolute and those which are contingent; and each at the proper time must be proved in a direct proceeding instituted for the purpose, and with a right of appeal, or it is barred. We see no escape from this conclusion. It follows that the probate court was right in directing the fund in controversy to be paid over to the widow.

We have considered this case on the assumption that the rule of law which makes the personal property the first fund for the satisfaction of debts remains unchanged by the statute. This case does not require of us a consideration of that subject, and we do not choose to enter upon it without necessity, nor without full argument. That some changes in the rule referred to are made by the statute is certain; but how far they were intended to go is not perhaps entirely clear.

The order of the circuit court must be reversed, and that of the probate court affirmed, with costs of all the courts.

The other Justices concurred.