JACOB BROWN, ADMINSTRATOR V. IGNATZ FORSCHE.

*Administration of estates—Distribution— Claims—Administrator's liability.*

When a creditor of an estate proceeds in the probate court to compel the administrator to pay his claim, and the case is appealed to the circuit court, where the case involves substantially the issue *plene administravit*, the judgment of the circuit court thereon may be removed to the Supreme Court by writ of error.

When commissioners have made their report upon claims against an estate, and the administrator has paid all that was allowed, and the time has expired for presenting more, except upon special application to the probate court on cause shown, it is the duty of the administrator to turn over the property to the heirs and distributees, and he may do so without waiting for an order of the probate court requiring him to do so.

Where an administrator had turned over property to the distributees under such circumstances, but neglected to file his final account, and sometime afterwards another claim was presented and allowed by the probate judge, at which time the property had been used up by the distributees, *held* that notwithstanding his final account was not settled, the administrator was not responsible for the claim; or for the use made by the distributees of the property.

A creditor who thus delays the presentation of his demand until he can bring it in as matter of favor only, must take all risks of being able to collect it in the condition in which he finds the estate. He cannot hold the administrator responsible, except upon the ground of some personal wrong or default.

It is the right of all parties interested in an estate to settle it up by voluntary proceedings if they agree to do so; and they may do this after an administrator is appointed as well as before.

The liability of an administrator to the estate or to creditors is to be tested by equitable rules, regardless of mere technicalities; and this on appeal as well as in the probate court.

Error to Washtenaw.    Submitted April 29.    Decided June 11.

APPEAL from an order of the Probate Court directing the administrator of the estate of John Miller to pay certain claims.    The administrator brings error.

*D. Cramer* and *Beakes & Cutcheon* for plaintiff in error. One who claims exemption from the bar of a statute limiting the proof of claims against an estate, must show proper diligence, *Lacey v. Loughridge* 51 Ia. 629; *Brewster v. Kendrick* 17 Ia. 481; in chancery a creditor who has failed to prove his claim within the time limited must show no laches, 2 Dan. Ch. Pr. 1204; *Waltham Bank v. Wright* 8 Allen 121; *Bemis v. Bemis* 13 Gray 559; *Bigelow v. Bemis* 2 Allen 496; where an executor has satisfied the debts and legacies and paid over the residue to the residuary legatee without precipitation and with no notice of other subsisting demands, it is sufficient answer to an action of debt on his bond, *Chelsea Water Works v. Cowper* 1 Esp. 275; though he must pay preferred debts first, *Brooking v. Jennings* 1 Mod. 175; *Hawkins v. Day* 1 Dick. 155; *Harman v. Harman* 2 Shower 492: 3 Mod. 115; *Sawyer v. Mercer* 1 Term 690; 2 Williams' Ex'rs. 926, 1155, 884, 1682; if a creditor who has a present debt omits to claim it under a decree, he is excluded, *Vernon v. Egmont* 1 Bligh N. R. 570; *Richards v. Browne* 3 Bing. N. C. 498; Ram on Assets 556; the proper remedy of a creditor after distribution of the assets is by bill in equity against the distributees, Adams' Eq. 522; Wentworth's Office of Executor 304; a creditor who files his petition after the time limited and after the order for distribution, has no claim except as to funds remaining in court, *Gillespie v. Alexander* 3 Russ. 130· *Knight v. Earl of Plymouth* 1 Dick. 126.

*Millard & Bean* for defendant in error.    Error does not lie on an order directing an administrator to make payment, as the proceedings are not under common law.

*Holbrook v. Cook* 5 Mich. 225; *Conrad v. Button* 28 Mich. 365; *Cameron v. Bentley* id. 520.

COOLEY, J. The record in this case presents the following state of facts:

John Miller, a resident of Washtenaw county, died intestate November 7, 1872, leaving a widow and children, and real and personal estate to be administered. April 8, 1873, on petition of one of the children, and after due publication of notice, Jacob Brown the plaintiff in error was duly appointed administrator on the estate of said intestate, and gave bond and took upon himself the trust. On the same day commissioners were appointed by the judge of probate for the county of Washtenaw to examine and adjust the claims against said estate. The commissioners took the oath required by law, and gave the requisite notice for the presentation of claims, and on July 31, 1874, filed their report in the probate court, showing the allowance by them of claims to the amount of $350 and no more.

The estate was duly inventoried by the administrator, and was appraised as follows: real estate, $22,100; personal estate, $2,158. The real estate appears to have been subject to very large encumbrances.

After the time for the presentation of claims to the commissioners had expired, the administrator, having no knowledge or notice of further demands, allowed the widow and children of the intestate to take possession and dispose of the assets belonging to the estate, and before the proceedings hereinafter mentioned had been begun, the whole of said assets had been exhausted by the widow and children, in the payment of the claims, and in their own support. The administrator, however, had filed no account, and taken no steps to be discharged from his trust until December 5, 1876, when he applied to the probate court for the settlement of his final account, and January 9th following was assigned by the court for the hearing thereon.

The day before this hearing was to take place, namely, January 8, 1877, Ignatz Forsche presented to the probate court his petition, setting forth that he had a claim of $750 against said estate, and praying that the commission be revived for the purpose of hearing it, or that instead thereof it be heard and allowed by the judge of probate. The prayer of this petition was denied by the probate court, but on appeal to the circuit court, the claim of Forsche was heard and allowed at the sum of $902.15, with $65.10 costs.

No proceedings were had for the settlement of the administrator's account on January 9, 1877, the day fixed for a hearing thereon, and on May 29, 1878, the probate court made an order reciting that it appeared from the inventory that the personal property of the estate amounted to $2158, and that the claims allowed were $1317.25; and thereupon the administrator was directed to pay said claims within twenty days. As all the claims except that of Forsche had been previously paid, this order would apply to that claim only. The administrator appealed from the order to the circuit court, assigning various reasons for the appeal; the one chiefly relied upon being that there was no property or money belonging to the estate from which the Forsche claim could be paid.

In the circuit court the administrator was held to have the affirmative of the issue, and the trial proceeded after the usual course of common-law suits. The facts above recited appeared in proof, and the court gave judgment affirming the order of the probate court. The administrator thereupon brought error.

I. Motion was made to dismiss the writ of error, on the ground that certiorari was the proper remedy. *Holbrook v. Cook*, 5 Mich. 225; *Conrad v. Button* 28 Mich. 365. But we think the case is properly here. The substance of the issue in the circuit court was *plene administravit*, and the trial proceeded as it might have done on that issue in an original suit in the circuit court.

II. The case upon its merits requires a careful examination of the statutory provisions respecting the settlement of estates.

By section 4450 of Compiled Laws, the probate court is required, at the time of granting letters of administration, to make an order allowing to the administrator a time for disposing of the estate, and paying the debts, which in the first instance shall not exceed one year and six months. The next section permits extensions, but not so that the whole time allowed to the original administrator shall exceed four years. It does not appear that there was any extension in this case, and the one year and six months expired October 8, 1874.

By section 4424 of Compiled Laws the probate court is required, when appointing commissioners for the examination and allowance of claims, to determine the time within which claims shall be presented to them; and this in the first instance shall not exceed eighteen months, but may be extended (§ 4425), but not so that the whole time shall exceed two years. The time in this case was limited to six months. If extended to the extreme limit allowed by law it would have expired April 8, 1875.

By section 4433 of Compiled Laws, it is declared that when a claim is not presented to the commissioners within the time allowed for their action, the claimant shall be forever barred from recovering it, or from setting off the same in any action whatever. Another section nevertheless provides that on the application of a creditor who has failed to present his claim, "if made at any time before the estate is closed," the judge of probate may revive the commission for the purpose of hearing the claim. Comp. L. § 4426. Or instead of doing this, he may himself hear and adjudicate upon the claim, as was done in this instance.

From the foregoing it will appear that long before Forsche presented his claim, or notified the administrator that he had one, the time had not only expired for the presentation of claims to the commissioners, but for the

settlement of the estate also. As early as October 8, 1874, the administrator should have paid off all the claims allowed against the estate, and delivered the remaining assets to the widow and next of kin, and obtained his discharge. Had he done so, it is not pretended that any claim could afterwards have been made against him by reason of a debt owing by the estate but not until afterwards presented and allowed. If the creditor could have any remedy in such a case, he must find it in following the property into the hands of the distributees.

Section 4407 of Compiled Laws provides that "the executor or administrator shall be entitled to the possession of the personal estate of the deceased until assignment or distribution of the same to heirs, legatees, or other parsons entitled thereto, by order of the probate court, or until the estate is finally settled." This section does not render it imperative that the personal representative should take possession of the personal estate; it only empowers him to do so; and it is not expected that he will disturb the possession of the family except so far as the proper discharge of his duties may require it. *Howard v. Patrick* 38 Mich. 795.

Under section 4496 of Compiled Laws the judge of probate, after the debts are paid or provided for, may assign the residue of the estate to the persons entitled without awaiting the presentation of a final account by the administrator. There is no room for doubt that such an assignment would protect the administrator as against any claim subsequently presented and allowed. He must be protected, because there is no provision of law requiring or empowering him to recover possession of property once delivered by him to a distributee under the order of the probate court.

From the foregoing statement of facts and law the following conclusions are drawn:

1. That as early as October 8, 1874, when all the claims allowed against the estate had been paid, the widow and children of Miller were entitled to have the

residue of the estate delivered over to them, as their own property under the law, and it was the duty of the administrator to recognize this right and surrender to them the property on demand.

2. If the administrator had failed to observe this duty, the widow and children might have applied to the probate court for an order of distribution, and on a showing that the allowed claims were paid, they would have been entitled as of right to have this order made. If the administrator had met their application by showing to the court that he had personal claims for services and expenses, assets sufficient to meet these claims might have been left in his hands until the settlement of his accounts; but he could have asked and the court would have granted nothing more.

3. When the administrator, instead of being forced into action by such an order, voluntarily delivered the property over to the persons entitled, he only recognized a legal duty and performed it without waiting to have it prescribed for him in a legal proceeding. He yielded to that which was matter of strict right—to that against which he had no power of legal resistance, and in respect to which he would have been culpable, on moral grounds as well as legal, had he attempted to resist. An order of the court making the assignment and distribution might have been desirable to him, because it would have been an adjudication upon the rights of the respective parties, and would have protected him against any subsequent claims of inequality or injustice in the distribution; but if no fault is found by any one of them, the importance of such an order is not very obvious.

But it is said the estate was not settled and closed, and could not be until the administrator had presented his final account and had it allowed. He could not have his account allowed and obtain his discharge if it appeared that claims remained unpaid which there was property to meet, and therefore it was his duty to keep himself in

condition to respond to any demand that might be established. Relief from this duty is to be obtained only by a discharge in due form, and until he has taken the precaution to obtain this, he will make voluntary distribution of the property at his peril.

This is a plausible view, and was accepted by the circuit court. And it is true that in the strictest sense of that term the estate is not settled until the administrator obtains his discharge. But when the claims allowed by the commissioners are paid, only two things remain to be done to complete the settlement: one of these being the delivery of the property to the distributees, and the other, the passing of the administrator's account. Under the statute either of these may precede the other; and if distribution is first made, the settlement of the account afterwards is only for the purpose of determining that the administrator has accounted fully and obeyed the law in his payments. If the persons who would be entitled to any surplus deny this, the court must adjudicate between him and them; but if they concede it, he will have occasion for an order of discharge only as it will afford him the highest and most conclusive evidence that his trust has been fulfilled according to law. But how his failure to call for and obtain this evidence can create claims against him in favor of parties not entitled when distribution was made, is not apparent.

In this case Forsche had been so far either negligent or unfortunate that he had failed to present his claim until the time had arrived when the statute would justify the administrator in assuming that no such claim existed, and until acting upon that assumption he had delivered over the property to the parties having a legal right to demand it. On what ground can he now come in and take advantage of the administrator's neglect to call for and obtain a formal discharge, and compel the administrator to pay this debt from his own means? It surely was never the purpose of the law that the administrator should personally be charged with the debts of the intes-

tate, unless upon some ground of personal fault; and if he remains liable under such circumstances as are developed in this case, it must be essential to his protection that he retain the property in his hands until his final discharge is obtained, at whatever inconvenience to the widow and children. Thus the possibility that there may be somewhere in existence a now forgotten or lost claim that, by the favor of the probate court, may some day be proved, must force the administrator to exclude the family from the enjoyment of the ancestor's property, even when presumptively no such claim exists.

But we do not agree that the administrator's liability is thus prolonged. For all purposes except the final passing of his accounts we think the administrator is to be considered as having settled the estate, when having paid the debts reported by the commissioners, he has handed over the remaining property to the distributees. *Calkins v. Smith* 41 Mich. 409. The distributees are then entitled to the property, and the administrator fully administers when he allows them to take it in the proper proportions. The claimant who unexpectedly appears afterwards, must seek his remedy against the estate in the condition in which he then finds it. *Greig v. Somerville* 1 Russ. & M. 338. The misfortune of finding it administered is his, and not that of the administrator.

Formal proceedings for the settlement of an estate are never necessary if all parties concerned can agree to dispense with them. This is often done, and the expense of administration thereby avoided. *Needham v. Gillett* 39 Mich. 574; *Babbitt v. Bowen* 32 Vt. 437; *Hibbard v. Kent* 15 N. H. 516; *Carter v. Owens* 41 Ala. 217. Family arrangements for this purpose, it is said, are favorites of the law, and when fairly made are never allowed to be disturbed by the parties, or by any others for them. *Walworth v. Abel* 52 Penn. St. 370. Such an arrangement may be made after an administrator is appointed as well as before, and if the administrator is afterwards summoned to render his accounts, the court

will accept as satisfactory, so far as it goes, the settlement the parties concerned have made. *Clarke v. Clay* 31 N. H. 393. No doubt such a settlement will be subject to the rights of creditors in any case where the statutory proceedings have not been taken to bar their claims; but when these have been had, the right to take the property under voluntary arrangement must be commensurate with the right to compel the administrator to distribute it.

A probate case on appeal is to be tried and determined on the same principles that would be administered by the probate court itself. That court, in adjusting the accounts of adminstrators is governed by broad principles of equity; and it is at all times competent for the administrator, unimpeded by technical rules, to show the fairness of his dealings, the real nature of his transactions, and to restrict the amount for which he should be held liable to that which equity demands. Upon any other rule he might be made to bear the burden of events for which he was in no degree responsible, and when he was acting in the most conscientious discharge of duty. *Upson v. Badeau* 3 Bradf. Sur. Rep. 13, 15; *Poole v. Munday* 103 Mass. 174. In this case the defendant in error delayed the presentation of his claim until the administrator had in good faith administered fully, and until nothing remained to be done but the final accounting. The fact that he was afterwards permitted to prove his claim is evidence that he had fully explained the delay, but the fact that he was not himself in fault, can establish no equity in his favor to charge the consequences of the delay upon the administrator. The administrator, assuming as he had a right to do, that no further claims existed, has merely performed his duty in recognizing the rights of the widow and children; and the law will protect him in making the voluntary distribution of the estate which under the circumstances the law would have compelled.

The judgment is reversed, with costs of all the courts.

The other Justices concurred.