MINER v. RAYMOND.

ESTATES OF DECEDENTS—COMPROMISE WITH MORTGAGEE—POWER OF ADMINISTRATOR.

The holder of a promissory note given by an intestate in his lifetime, and secured by a mortgage on realty, is liable to the estate for the repayment of interest moneys paid to him by the administrator out of the personal estate to induce him to defer sale under a decree of foreclosure, although the agreement was made in good faith, since an administrator has no authority to part with any portion of the estate in payment of a claim not regularly proved before the commissioners.

Case made from Jackson; Peck, J. Submitted April 9, 1897. Decided May 25, 1897.

*Assumpsit* by John W. Miner, administrator *de bonis non* of the estate of Isaac C. Quick, deceased, against Mahlon H. Raymond, to recover unauthorized payments by the former administrator. Defendant died pending the trial, and the cause was revived in the name of his executrix, Jane E. Raymond. Plaintiff had judgment on verdict directed by the court, and defendant assigns error. Affirmed.

*Melville McGee* and *Parkinson & Campbell*, for appellant.

*Grove H. Wolcott*, for appellee.

LONG, C. J. Isaac C. Quick, in his lifetime, gave defendant's testator his promissory note for $4,000, due in two years, with interest at 6 per cent., payable annually. To secure the payment thereof, Quick and wife gave Raymond a mortgage on their farm. Afterwards Quick died intestate, and Augustus O. Quick was appointed administrator of his estate. Raymond foreclosed his mortgage in chancery, and the decree provided for a sale at any time after the 30th day of January, 1893. In order

to induce Raymond not to sell under his decree, Augustus O. Quick agreed to pay him the back interest on the note and mortgage and costs of the foreclosure suit. Raymond agreed to defer the sale at the request of Quick on his promise to pay the interest and costs, and further agreed that he would postpone the sale so long as Quick would keep the yearly interest paid, and not permit the land to run down. Out of the personal property belonging to the Quick estate and the crops raised on the real estate, Augustus O. Quick paid to Raymond, under said agreement, the sum of $631.44. This action was brought to recover back this amount.

Augustus O. Quick resigned, and filed his account. On the final hearing thereof the judge of probate determined that there remained in Quick's hands $47.07 in money unadministered, and a few articles of personal property. The probate judge also at the hearing disallowed items of disbursements in Quick's account to the amount of $1,238.85, which sum included the payment made to Raymond of $631.44. Afterwards John W. Miner, the appellee, was appointed administrator *de bonis non* of the estate of Isaac C. Quick, deceased, and prosecuted this action to recover the amount paid to Raymond by Quick. The court below held that he could maintain this action, and directed verdict for plaintiff. It is conceded that all the parties acted in good faith, that Raymond withheld his sale, and Quick retained possession, hoping to save the farm to the estate, and for that purpose entered into the agreement with Raymond, which agreement Raymond fulfilled on his part.

We think the court was not in error in directing the verdict under the facts stated. A creditor, secured or unsecured, cannot receive from the administrator any portion of the estate in payment of a claim until such claim is regularly proved. *Fish* v. *Morse*, 8 Mich. 34; *Clark* v. *Davis*, 32 Mich. 154. It appeared that commissioners on claims had been appointed, but Mr. Raymond did not present his note and mortgage for allowance as a

claim against the estate. He was apparently satisfied with his mortgage security. He received the payment from Quick without any authority of law, and was liable therefor in this action.

The judgment must be affirmed.

The other Justices concurred.