*In re* ESTATE OF JEFFERS.

BIRD *v.* DETROIT TRUST CO.

1. Courts—Probate Courts.

Probate courts have no power or authority except that conferred upon them by the statutes providing for their creation.

2. Executors and Administrators—Commissioners on Claims—Appointment—Meetings.

When the estate of a deceased person is probated, the probate court may appoint commissioners on claims whose duty it shall be to appoint convenient times and places of meeting and to give public notice thereof (3 Comp. Laws 1929, §§ 15674, 15675).

3. Same—Presentation of Claims—Time.

Creditors of a deceased person are given not less than four months, nor more than one year, to present their claims to the commissioners for allowance, which time, under some circumstances, may be extended by the probate court to two years (3 Comp. Laws 1929, §§ 15678, 15679).

4. Same—Revival of Commission on Claims.

Revival of commission on claims is a matter of creditor's right and not of discretion of court (3 Comp. Laws 1929, § 15680).

5. Same—Commission on Claims May Not be Revived After Estate is Closed.

Statutes providing for administration of estates of deceased persons contemplate that estate shall be closed and assets of the estate, after payment of creditors, distributed; and, when closed, the probate court may not revive the commission on claims (3 Comp. Laws 1929, § 15680).

6. Same—Claims Not Timely Presented are Barred.

Claimant against estate of deceased person who does not, after statutory publication of notice to do so, exhibit his claim to the commissioners within time limited by court for that purpose, is forever barred from recovering such demand, or' from setting off the same in any action whatever (3 Comp. Laws 1929, § 15687).

7. Same—Classification of Claims.

Statutes recognize claims against estate of a deceased person as absolute or those which are contingent and which at the proper time must be proved in a direct proceeding instituted for the purpose and with a right of appeal, or be barred (3 Comp. Laws 1929, §§ 15708–15723).

8. Same—Vendor and Purchaser—Amount Due Under a Land Contract a Fixed Claim—Contingent Claims.

Claim of land contract vendor for amount due under such contract is a liability of deceased vendee upon a fixed and definite contract in writing, and is not a contingent claim, since its existence or nonexistence does not depend upon some contingency which might never happen, and, therefore, statutory provisions relating to contingent claims have no application (3 Comp. Laws 1929, §§ 15708–15723).

9. Same—Delayed Claim Under Land Contract.

Presentation of claim to probate court for amount due under a land contract held, barred where claimants presented claim March 30, 1933, commissioners had been appointed February 28, 1929, held first hearing May 2, 1929, second hearing June 28, 1929, filed report July 8, 1929, final account was allowed October 24, 1930, and executors discharged and their bond cancelled June 22, 1932, since claim might have been

allowed by commissioners at its then present value (3 Comp. Laws 1929, §§ 15674, 15675, 15678–15680, 15685, 15687).

10. TRUSTS—EQUITY—JURISDICTION—PROBATE COURT.

It is not the province of a court of equity to allow or disallow claims against the estates of deceased persons, or administer estates, especially after the subject has been entered upon by the probate court, hence, bill seeking to impress trust on estate funds in hands of testamentary trustees for payment of claim against estate may not be maintained.

11. EXECUTORS AND ADMINISTRATORS—VENDOR AND PURCHASER—TESTAMENTARY TRUSTEES.

Land contract vendor, after closing of estate of vendee and distribution of property and assets *held*, not entitled to impress trust on funds in hands of testamentary trustees, who were former executors, for payment of amount due on land contract, since offices of executor and testamentary trustee are separate and distinct, the first terminating when second began (3 Comp. Laws 1929, §§ 15678–15680, 15685, 15687).

12. VENDOR AND PURCHASER—DEATH OF VENDEE—SPECIFIC PERFORMANCE.

Upon death of vendee in a land contract, his heirs, devisees or executors may institute proceedings to compel a conveyance of real estate by vendors, but it is not mandatory upon them to do so (3 Comp. Laws 1929, § 15673).

13. SAME—VENDEE IS EQUITABLE OWNER.

After execution of land contract, vendee becomes equitable owner entitled to possession except as otherwise stipulated in contract, the vendor holding title as security for payment of purchase price.

14. EXECUTORS AND ADMINISTRATORS—VENDOR AND PURCHASER—ASSIGNMENT BY OPERATION OF LAW.

Upon death of vendee under land contract, executors of his estate become his assignees by operation of law.

15. SAME—VENDOR AND PURCHASER—LIABILITY TO VENDOR.

Executors and testamentary trustees of estate of vendee under land contract have duty to inventory such property of the estate of which it is the equitable owner and to

account for rents, income or profits therefrom but are not liable for amount due vendors under such contract in the absence of assumption of such liability or agreement to pay upon their part.

16. APPEAL AND ERROR—VENDOR AND PURCHASER—FORECLOSURE— DEFICIENCY—EXECUTORS AND TESTAMENTARY TRUSTEES.

Question as to liability of executors and testamentary trustees arising upon a deficiency after sale by foreclosure of a land contract after estate of one vendee has been closed and assets distributed without timely presentation of claim under contract, which question is not before Supreme Court, foreclosure not having been had, is not passed upon.

Appeal from Wayne; Toms (Robert M.), J. Submitted April 3, 1935. (Docket Nos. 46, 47, Calendar Nos. 38,292, 38,328.) Decided June 3, 1935.

In the matter of the estate of Robert H. Jeffers, deceased. From order setting aside order reviving commission on claims Jerry Bird and Jennie Bird appealed to circuit court. Appeal dismissed. Plaintiffs appeal. Affirmed.

Bill by Jerry Bird and wife against Detroit Trust Company and Florence Jeffers, individually and as executors and trustees of the estate of Robert H. Jeffers, deceased, and Dorothy Jeffers, Robert Jeffers and B. Ross McKenzie for an accounting and other relief. Bill dismissed as to individual defendants. From decree for plaintiffs against defendant trustees, Detroit Trust Company and Florence Jeffers, they appeal. Reversed.

*Joseph R. Joseph* and *Richard C. Fruit*, for claimants Bird.

*Stevenson, Butzel, Eaman & Long* (*Clifford Van Blarcom* and *Richard H. Hecker*, of counsel), for

defendants Detroit Trust Company and Florence Jeffers.

POTTER, C. J.   Jerry Bird and Jennie Bird owned a 60-acre farm in the county of Oakland. January 7, 1926, they sold this farm on land contract to Robert H. Jeffers and B. Ross McKenzie. Robert H. Jeffers died in January, 1929.  February 14, 1929, his will was admitted to probate by the probate court of Wayne county.  By his will, Robert H. Jeffers gave his property to Florence A. Jeffers and the Detroit Trust Company, in trust.  Florence A. Jeffers and the Detroit Trust Company were named as executors and their appointment was, upon the admission of the will to probate, confirmed by the probate court of Wayne county.  February 28, 1929, commissioners on claims were appointed by the probate court of Wayne county, and these commissioners had the first hearing on claims May 2, 1929, and the second hearing on claims on June 28, 1929.  It is conceded notice of hearing of claims was properly given.  July 8, 1929, the commissioners filed a report of their doings as commissioners on claims. October 24, 1930, the final account of the Detroit Trust Company and of Florence A. Jeffers, executors of the estate of Robert H. Jeffers, deceased, was allowed; and June 22, 1932, the Detroit Trust Company filed a receipt, as trustee of the estate, acknowledging the receipt of the property belonging to it from the Detroit Trust Company and Florence Jeffers, as executors; and thereupon the executors were discharged and their bond cancelled.

April 28, 1933, plaintiffs filed a bill of complaint, and July 1, 1933, filed an amended bill of complaint for an accounting of the amount due under the land contract and for a decree of personal liability against

B. Ross McKenzie. It asked that the court impress a trust upon all the funds in the hands of or under the control of the Detroit Trust Company belonging to the estate of Robert H. Jeffers, deceased, to an amount sufficient to pay the claim of plaintiffs, and costs, such trust to extend to any and all securities, or real and personal property, belonging to the estate of Robert H. Jeffers, deceased; that if the Detroit Trust Company was found to have sufficient assets in its hands to pay the amount due on the contract of plaintiffs, it be decreed to pay their claim; and if there was not sufficient money on hand, then that defendants Florence Jeffers, Dorothy Jeffers and Robert Jeffers be ordered to pay the same. July 11, 1933, defendants filed a general and a specific answer.

March 30, 1933, plaintiffs filed a petition in the probate court to revive the commission on claims in the estate of Robert H. Jeffers, deceased. March 31, 1933, an order reviving the commission on claims in that estate was entered by the probate court of Wayne county. March 31, 1933, Florence A. Jeffers and the Detroit Trust Company moved the probate court to revoke the order of March 31, 1933, reviving the commission on claims in the estate of Robert H. Jeffers, deceased, upon the ground the probate court had no jurisdiction to revive the same. May 23, 1933, the probate court set aside its order reviving commission on claims, and plaintiffs appealed to the circuit court where, March 23, 1934, that court held the probate court was without jurisdiction to revive the commission on claims in the estate of Robert H. Jeffers, deceased, and from that decision plaintiffs appeal.

The chancery case was heard upon its merits, and, March 27, 1934, an opinion was filed by the trial court

holding for plaintiffs against the Detroit Trust Company and Florence Jeffers, as trustees.  June 9, 1934, a supplemental opinon was filed.  June 20, 1934, decree was entered in accordance with the opinions of the trial court before that time filed.

Appellants Detroit Trust Company and Florence Jeffers appeal from that decree, claiming the probate court had no power to revive the commission on claims in the matter of the estate of Robert H. Jeffers, deceased, after claims had been presented to the commissioners and claims had been paid, the residue of the estate assigned and transferred to the testamentary trustees, and the executors discharged and their bonds cancelled; that when the estate of a land contract vendee has been closed, the vendors therein may not prove a claim for the purchase price which is to accrue upon the land contract; that the continuance of payments of installments due upon a land contract does not amount to an assumption thereof; that the testamentary trustees stand as assignees as to a land contract which passed to them by order of assignment of the estate of the vendee in the probate court; and that the payments made upon the land contract by the executors of the estate of Robert H. Jeffers, deceased, raise no equitable grounds for relief against the trustees of that estate as such.

Plaintiffs-appellees and cross-appellants contend the trustees of the estate of Robert H. Jeffers, deceased, renewed and continued the contract for the purchase of the lands in question by making payments upon the land contract, by listing the same in the probate court as an asset of the estate of deceased, and by collecting the rents, income and profits therefrom after his death are now estopped from denying ratification thereof; that the covenants in

the land contract are made binding upon the heirs and assignees of the vendee, and are binding upon the testamentary trustees of the estate which took over the land; that the commission on claims in the probate court could have been revived, and were in fact revived; that a claim may be filed within a year after it accrues, under 3 Comp. Laws 1929, § 15712, despite the order of the probate court assigning the residue of the estate, discharging the executors and cancelling their bond as such; that the executors waived the filing of a claim upon the contract by recognizing the contract, ratifying its terms, and making payments thereon; that equity will relieve where the executors are also the trustees of the estate and made payments upon the contract, notwithstanding the executors have been discharged and the same persons have been appointed testamentary trustees; that where a claim under a land contract is established against testamentary trustees, the land need not be sold before resort may be had to the body of the estate of the deceased; that where testamentary trustees made payments to heirs of the deceased after the known insolvency of the estate, and before and after the filing of a known claim of liability as vendee upon a contract and the filing of a bill to enforce the same, creditors are entitled to a refund from the heirs of said estate upon the theory of a devastavit.

Probate courts have no power or authority except that conferred upon them by the statutes providing for their creation. When the estate of a deceased person is probated, commissioners on claims may be appointed by the probate court (3 Comp. Laws 1929, § 15674), whose duty it shall be to appoint convenient times and places of meeting, and to give public notice thereof (3 Comp. Laws 1929, § 15675). Cred-

itors of the deceased person are given not less than four months, nor more than one year, to present their claims to the commissioners for allowance (3 Comp. Laws 1929, § 15678), which time, under some circumstances, may be extended by the probate court to two years (3 Comp. Laws 1929, § 15679).

On the application of a creditor who has failed to present his claim within the time fixed, if made at any time before the estate is closed, the probate judge may revive the commission on claims. 3 Comp. Laws 1929, § 15680. This right to revive the commission on claims before the estate is closed is a matter of right and not of discretion. *Hart* v. *Shiawassee Circuit Judge,* 56 Mich. 592; *Quinn* v. *McGovern,* 97 Mich. 114; *Heavenrich* v. *Nichols' Estate,* 113 Mich. 508; *Draper* v. *Brown,* 153 Mich. 120; *Seilnacht* v. *Wayne Probate Judge,* 201 Mich. 536.

The statutes providing for the administration of the estates of deceased persons contemplate an estate shall be closed and the assets of the estate, after the payment of creditors, distributed; and, when closed, the probate court may not revive the commission on claims. *Brown* v. *Forsche,* 43 Mich. 492; *Ogooshevitz* v. *Arnold,* 197 Mich. 203; *Seilnacht* v. *Wayne Probate Judge, supra.*

Every person having a claim against a deceased person proper to be allowed by the commissioners on claims who shall not, after the publication of notice as required by statute, exhibit his claim to the commissioners within the time limited by the court for that purpose, shall be forever barred from recovering such demand, or from setting off the same in any action whatever. 3 Comp. Laws 1929, § 15687; *Clark* v. *Davis,* 32 Mich. 154; *McGee* v.

*Estate of McDonald,* 66 Mich. 628; *Seilnacht* v.
*Wayne Probate Judge, supra.*

The statutes recognize but two classes of claims
which may be presented against the estate of a de-
ceased person—those which are absolute, and those
which are contingent and which at the proper time
must be proved in a direct proceeding instituted for
the purpose and with a right of appeal, or it is
barred. *Clark* v. *Davis, supra.*

Plaintiffs' claim was not a contingent claim
(*Osmun* v. *Oakland Circuit Judge,* 107 Mich. 27);
it was a liability upon a fixed and definite contract
in writing. Its existence or nonexistence did not
depend upon some contingency which might never
happen (24 C. J. p. 293), a contingent claim being
one where the liability depends upon some future
event which may or may not happen, and, therefore,
makes it now wholly uncertain whether there ever
will be a liability. *Sargent's Adm'r* v. *Kimball's
Adm'r,* 37 Vt. 320.

A contingent claim is one which does not exist
but may possibly hereafter arise, one whose possible
existence depends upon an uncertain future event—
upon a contingency.

The claim here involved was not contingent, but
absolute—fixed by definite contract in writing
signed by the deceased in his lifetime, and, there-
fore, the statutory provisions (3 Comp. Laws 1929,
§§ 15708–15723) relating to contingent claims have
no application.

Plaintiffs' claim was barred by reason of not hav-
ing been presented to the probate court within the
period fixed by statute. The estate of Jeffers was
closed and the right of plaintiffs to present their
claim at an end, and their claim as creditors against
such estate barred. *Showers* v. *Robinson,* 43 Mich.

502; *Ogooshevitz* v. *Arnold, supra; Seilnacht* v. *Wayne Probate Judge, supra.*

The bill of complaint does not seek to foreclose the land contract. It asks substantially the same relief in equity that might have been had in probate court had plaintiffs' claim been a contingent one properly proved and established. But it is not the province of a court of equity to allow or disallow claims against the estates of deceased persons, or to administer estates, especially after the subject has been entered upon by the probate court. *Shelden* v. *Walbridge,* 44 Mich. 251; *Dickinson* v. *Seaver,* 44 Mich. 624; *Lafferty* v. *People's Savings Bank,* 76 Mich. 35; *Draper* v. *Brown, supra.*

The claim of plaintiffs might have been presented and passed upon by the commissioners on claims in the Jeffers estate and allowed at its then present value. 3 Comp. Laws 1929, § 15685. But it was not presented, and is now barred (3 Comp. Laws 1929, § 15687); and the estate of Jeffers administered and closed and the property and assets of the estate distributed, except that part turned over to testamentary trustees who receipted therefor and entered upon the administration of their trust. The offices of executor and testamentary trustee are separate and distinct. The first terminated when the second began. *Gibney* v. *Allen,* 156 Mich. 301. Plaintiffs might have foreclosed their contract at any time, but, instead of doing so, seek in equity another remedy.

The heirs or devisees of Jeffers' estate, or the executors of such estate, might institute proceedings to compel a conveyance of the real estate by plaintiffs. 3 Comp. Laws 1929, § 15673. But it is not made mandatory upon them to do so. The heirs or devisees of Jeffers have not instituted such proceed-

ings, and the executors of such estate have ceased to exist.

After the execution of the contract, Jeffers, the vendee, became the equitable owner thereof entitled to possession except as otherwise stipulated in the contract, the vendors holding the title to the premises as security for the payment of the purchase price.

The executors of the estate of Jeffers, upon his death, became the assignees of the vendee, Jeffers, by operation of law. There was no personal assumption by the executor or testamentary trustee of liability under this contract to pay. It was the duty of the executors and the duty of the trustees of Jeffers' estate to inventory this property of which the estate was the equitable owner, and to account for the rents, income and the profits therefrom. But there was no assumption or agreement to pay upon the part of the executors of Jeffers' estate, or on the part of the testamentary trustees appointed therein, and consequently they may not be held liable in this proceeding.

We do not pass upon whether there may be liability arising upon a deficiency after sale by foreclosure of the land contract. That question is not here.

Judgment at law affirmed, with costs. Decree of the trial court, in chancery, reversed and bill of complaint dismissed, with costs.

Nelson Sharpe, North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.