### Paulina Fish v. Charles C. Morse and another, Administrators of Henry M. Fish.

Where, on appeal from the decision of commissioners disallowing a claim against the estate of a deceased person, declaration is filed in the Circuit Court on such claim, but containing, also, a count on an account stated with the administrators as such, such count may be treated as surplusage, and judgment against the claimant will not be reversed because the jury failed to pass upon the issue made on such count.

Where commissioners have been appointed to examine and adjust claims against the estate of a deceased person, the estate is not bound by an account stated with the administrators. And, therefore, in a suit against the estate, a count on such an account stated is bad.

*Heard January 5th. Decided January 9th.*

Error to Lenawee Circuit.

From the return to the writ of error, it appears that plaintiff in error took an appeal to the Circuit Court from the decision of commissioners, appointed by the Probate Court of said county, to examine and adjust claims against the estate of Henry M. Fish deceased. The report of the commissioners to the Probate] Court showed, among the claims disallowed, one of "Paulina Fish, note, $5,000." In the Circuit Court an issue was directed to be made up by the parties, and the claimant filed declaration accordingly, containing two counts; the first counting on indebtedness of the deceased, and a promise by him in his life time to pay

the same; and the second alleging that defendants, administrators, after his decease "were indebted to the plaintiff in the sum of six thousand dollars, found to be due from the defendants, as administrators as aforesaid, to the plaintiff, on an account stated between them. To this declaration was attached a copy of a note for $5,000, purporting to have been made by the deceased, with the usual notice that it would be given in evidence under the declaration. Defendants pleaded the general issue.

On trial by a jury, a verdict was returned "that the said Henry M. Fish, deceased, did not undertake and promise in manner and form as charged in the plaintiff's declaration;" upon which verdict judgment was rendered for the ʳdefendants generally, for their costs. Plaintiff removed the cause to this court, alleging for error, that the jury only decided the issue made upon the first count of the declaration.

*A. L. Millerd,* for plaintiff in error:

The verdict must embrace all the issues, or it will be error to enter judgment upon it. — 6 *Ohio* 521; 3 *Wend.* 667; 6 *Wend.* 273; 13 *Wend.* 425. And though the court may mould a verdict into form, it can not supply substantial omissions in it. — 6 *Wend.* 273.

MARTIN CH. J. What issue could be made in the case except that which the jury have passed upon; that is, whether the *deceased* promised as alleged by ˙ the claimant before the commissioners?

*Millerd:* The parties have made a further issue, and *non constat* from this record, that plaintiff did not seek to. recover under the second count, orʳ a note or other promise of the administrators, given for a debt of the deceased. The power of administrators to adjust claims against estates is not taken away by the statute. And if parties voluntarily make an issue which would embrace a demand

the commissioners could not pass upon, they can not afterwards object that the issue is too broad. The case is then to be treated as the voluntary joining of a new issue in the Circuit Court, and to be proceeded in without regard to the proceedings before the commissioners, or the appeal.

CAMPBELL J. But have you not here a fatal misjoinder of counts ?

*Millerd:* The declaration is from a form in *Chitty's Pleadings*, and the same form is found in *Tillinghast*. We submit that judgment against defendants on the second count would be judgment *de bonis intestatoris*.

*Beecher & Howell*, and *T. M. Cooley*, for defendants in error.

MANNING J. :

It appears from the report of the commissioners to the Probate Court, that the claim disallowed by the commissioners was a promisory note for $5,000. In making up the issue in the Circuit Court, the plaintiff filed a declaration containing two counts, instead of one. The first count is on a promise made by the intestate in his life-time, and the other on a promise made by the administrators on an account stated after the death of the intestate, between plaintiff and the administrators.

A copy of the note, with notice that it would be given in evidence on the trial, was attached to the declaration.

The first count, with a copy of the note attached to the declaration, was all that was necessary to put in issue the claim that had been passed on by the commissioners, and the second count may be regarded as surplusage merely. It is moreover defective on its face, as it does not show a valid claim against the estate of the deceased.

Under our probate system, all claims against the estate of a deceased person, when commissioners have been ap-

pointed to hear and adjust such claims, are to be presented to, and to be allowed by them. The estate is not bound by any account stated with the administrator.

Had the jury, therefore, found for plaintiff on the second count, and assessed damages in her favor, it would have been the duty of the court to render the judgment it did, notwithstanding such finding, as they had found for defendants on the first and only count in the declaration that set forth a valid claim against the estate.

The judgment must be affirmed with costs.

MARTIN CH. J., and CAMPBELL J. concurred.

CHRISTIANCY J., was absent.