# OCTOBER TERM, 1862, AT DETROIT.

John R. Wurcherer v. Joseph W. Hewitt and others.

Where bill is filed to foreclose a mortgage, and one is made a party defendant who claims the mortgaged premises under a deed given subsequent to the mortgage, but recorded first, the complainant, if he claims this deed to be fraudulent, must set forth in the bill the facts and allegations which show the fraud. Chancery Rule 91 does not apply to such a case.

And where the only allegation was that such defendant claimed an interest in the premises "as subsequent purchaser, incumbrancer or otherwise," it was held that the Court could not consider the evidence taken to show the fraudulent character of the deed, as such allegation does not put such defendant's rights in issue.

*Heard July 18th. Decided October 14th.*

Appeal from Clinton Circuit in Chancery.

The bill was filed by Wurcherer to foreclose a mortgage given to him by defendant, William A. Hewitt, to secure the purchase price of the mortgaged premises. The mortgage was dated June 14, 1856, but was not recorded until August 20, 1856. Joseph W. Hewitt was made a party defendant, together with others, under the general allegation in the bill that he claimed some interest in the premises "as subsequent purchaser, incumbrancer or otherwise." Joseph W. Hewitt filed an answer, claiming to be a bona fide purchaser of the premises, by deed dated and recorded August 18, 1856. Replication was filed to this answer, and proofs taken to show the fraudulent character of the conveyance. The Court below dismissed the bill, without prejudice, and the complainant appealed.

*O. L. Spalding* and *T. M. Cooley*, for complainant.

*R. Strickland*, for defendant, Joseph W. Hewitt, objected that the Court could not consider the proofs taken to show

the fraudulent character of the deed to him, because there were no allegations in the bill to base the proofs upon. Persons who claim by conveyances recorded before the mortgage which is being foreclosed, cannot be made parties by the general allegation, as provided by Chancery Rule 91.—10 *N. Y. Rep.* 509; *Wal. Ch.* 117; *Ibid.* 260.

MARTIN CH. J.:

We think the objection that Joseph W. Hewitt was not made a party to the bill in such manner as to put his rights in issue, by the general averment under rule 91 of his being a subsequent purchaser, is well taken. This averment is only to be made where the fact of being a subsequent purchaser or incumbrancer appears by the record. In this case, the record gives the title of Joseph W. Hewitt priority to the mortgage, he having recorded his deed first. In such a case, the rule is that the complainant must file his bill specially — if he seeks to avoid the title thus acquired — with distinct averments of the facts and allegations of the fraud which he claims invalidates such title.

The decree must be affirmed.

The other Justices concurred.