CARLOS D. SHELDEN ET AL. EXECUTORS v. EBENEZER WAR-
NER, THOMAS RYAN, LOUIS P. TREMPE, WILLIAM
NEWCOMBE AND HENRY P. SMITH.

*Foreclosure—Lapse of time—Rights of subsequent purchasers—Evidence of
fictitious date—Variance—Mortgage for indemnity—Condition
and consideration.*

The lapse of less than twenty years before filing the bill does not bar the
foreclosure of a mortgage that has been given either for indemnity or
for payment.

Where a foreclosure bill is filed against subsequent purchasers from a
grantee whose deed was not recorded until after the mortgage, com-
plainant is not concerned with the good faith of their grantor and
need not investigate the merits of subsequent interests.

The holder of a mortgage dated and recorded before a deed of the same
property is entitled to treat all subsequent rights as subordinate; and
on a bill of foreclosure such rights need not be litigated.

The purpose of a mortgage is found in its condition and not in the formal
consideration set out in its introductory part.

Where a mortgage is given to secure the sureties on an official bond, it is
immaterial that a bill to foreclose it does not correctly state the date
of the officer's appointment, if it correctly recites the mortgage and
the breach, and the testimony makes out full ground for suit.

An exact similarity in the inks used in executing two different instru-
ments dated differently, was treated, in connection with other suspi-
cious facts, as tending to indicate that they were executed at the same
time.

The only constructive record of a deed is the entry required by Comp. L.
§ 4227 to show the date at which it was received and its order.

Appeal from Chippewa. Submitted April 5. Decided
April 13.

FORECLOSURE. Complainants appeal. Reversed.

*Chandler & Grant* and *Ashley Pond* for complainants.

*Brennan & Donnelly* for defendants. Variations between
the pleadings on foreclosure and the proof as to the consid-

eration for the mortgage are fatal: 1 Greenl. Ev. §§ 66–9; the bill must also show the precise nature of the indebtedness and describe it accurately: *Pettibone v. Griswold* 4 Conn. 158; *Shepard v. Shepard* 6 Conn. 37; *North v. Belden* 13 Conn. 376; *Sanford v. Wheeler* id. 165; *Hart v. Chalker* 14 Conn. 77.

CAMPBELL, J. The bill in this cause was filed to foreclose a mortgage given by Warner to Ransom Shelden and Columbus C. Douglass to secure them as his bondsmen, they having with others become his sureties as receiver of the United States land office at Marquette in the Upper Peninsula. The bonds were executed in 1859. The mortgage was made in April, 1861, and recorded in Houghton county May 16, 1861, and in Chippewa county, September 30, 1863. The bill was filed originally by Ransom Shelden and the executors of Douglass, and now stands in the names of the personal representatives of Shelden also, he being deceased. It was filed in 1877 and regularly taken as confessed. Subsequently it was agreed that the default might be opened, and an answer put in on certain conditions which need not be recited.

The defendants, except Warner, all are brought in by the ordinary allegations in the bill applicable to subsequent purchasers. They defend on the ground that before the mortgage was recorded in Chippewa county, where their purchases lie, Ryan had purchased the premises and his deed was recorded in January, 1863; and the rest claim through Ryan as *bona fide* purchasers. Upon the testimony there is no plausible ground for holding Ryan to have been such a purchaser. But there is a contest concerning the date and record of his deed, under which the other parties insist that they are protected by priority of record, whatever may have been Ryan's equities.

The court below dismissed the bill as against all but Warner, giving costs to all but Ryan, and retained the case as against Warner.

Some preliminary questions first demand attention. It is

objected that the suit is barred by lapse of time. There is nothing in this objection. Whether treated as a mortgage of indemnity, or as one of payment, less than twenty years had expired before the bill was filed. *Michigan Insurance Co. v. Brown* 11 Mich. 265; *Powell v. Smith* 30 Mich. 451.

It is further objected that the bill is not properly framed to enable complainants to attack conveyances depending upon a record made earlier than the record of the mortgage, and therefore presumptively entitled to preference, as held in *Wurcherer v. Hewitt* 10 Mich. 453 and *Summers v. Bromley* 28 Mich. 125.

The controversy here is not against a deed to Ryan first recorded. If complainants are right on the facts they claim that Ryan's deed was not first recorded in fact. If so, and if when their mortgage was recorded he had no deed on record, they were not concerned with his good or bad faith, and were not required to investigate the merits of subsequent interests. *James v. Brown* 11 Mich. 25; *Cooper v. Bigly* 13 Mich. 463. Their mortgage being first in date and first recorded, would entitle them to treat all subsequent rights as subordinate, and there would be no occasion to litigate them.

It is also claimed that the consideration in the mortgage is variant from the bill. This objection is also unfounded. The purpose of a mortgage is found in its condition and not in the formal consideration set out in its introduction. The condition of this mortgage is distinctly referred to the official bond and made to secure Shelden and Douglass for signing it. The failure in the bill to state correctly and exactly the date of the appointment is of no consequence as it correctly sets out the mortgage itself and the breach, and the testimony makes out a complete cause of action.

The only controversy of real importance is upon the date and record of the deed to Ryan, under whom it seems to be conceded—although if not conceded it would be questionable whether the defense could be regarded as made out—that Trempe, Newcombe and Smith are *bona fide* purchasers for value.

The deed from Warner to Ryan of the premises in dispute purports to bear date and to have been acknowledged January 6, 1863, witnessed by Oran Lyon, the acknowledging officer, and by Fabian Launderville, who made his mark, and recorded on the day of its date by Ryan, who was himself register of deeds, in book 3 of Deeds, on pages 463 and 464.

It is stated that Ryan kept no entry book of deeds, to show the date of their reception and its order, as required by § 4227 of the Compiled Laws. The entry in this book is the only thing which operates as a constructive record, until the deeds are actually spread upon the records at large.

Mr. Ryan testifies quite positively that the deed was made and recorded as it purports to have been. Warner and the subscribing witnesses testify that it was not made at all until November 4th, 1863, and another witness who searched the record books testifies that the deed was not actually recorded until some time later. Without discussing the testimony at large, we have no doubt whatever that the deed was not made until November 4th, 1863, and we are satisfied that both deed and record are ante-dated. The witnesses being positive on both sides, it is only worth while to give an outline of the facts which complainants have introduced. Warner in November was in Canada, at the Sault, and was there to avoid legal process which might have put him under arrest. There is no doubt, and Ryan himself testifies that on this day, late in the evening, Warner came across the river and executed some documents, one of which was witnessed and acknowledged before Launderville and Lyon, and another witnessed by Launderville. One of those documents appears among the exhibits, and presents the remarkable coincidence, that it is written with the same poor and yellowish ink as the deed, and signed with the same blue ink by Warner, and contains a filling up of date, and writing of Launderville's name in a third kind of ink, quite black, and resembling the date of Ryan's deed. That the same diversities of ink should be found in papers executed at intervals of nine months, and

that they should both be witnessed at that interval by the same witnesses, one of whom could not write his name, would be remarkable if both were genuine. The recollections of the disinterested witnesses of the peculiar circumstances of the transaction in November are clear and positive, and to our minds satisfactory. We need not discuss any nice theories as to the amount of proof which should produce conviction. We have no doubts on the subject.

If Ryan's deed had been made and recorded in fact before complainant's mortgage was recorded, then it would become material to inquire into the good faith of the purchasers from Ryan, and, as this is not questioned, they would probably under the statutes be protected. But no rights originating under a conveyance to Ryan which was neither made nor recorded until after complainants' mortgage obtained a statutory preference, can prevail against it legally or equitably. Their equities are not superior to complainants' equities, and are subsequent in time.

Complainants are entitled therefore to treat them as subsequent purchasers and to foreclose on that basis. The decree dismissing the bill as against these defendants must be reversed with costs against them, and the cause remanded for the entry of a proper decree on the basis of such priority.

The other Justices concurred.