EDWARD S. GRECE, ADMINISTRATOR, ETC., v. AUGUST
HELM.

*Estates of deceased persons—Special administrator—Settlement of
pending suit—Fraud.*

1. How. Stat. § 5851, as amended by Act No. 186, Laws of 1889,
   which provides that when by reason of delay in granting let-
   ters testamentary or of administration, or when from any
   other cause the judge of probate deems it expedient so to do,
   he may, after such notice as he may direct, appoint a special
   administrator to act until a general appointment is made, and
   that the order for such special appointment shall be non-ap-
   pealable, indicates an intention on the part of the Legislature
   to give to the probate judge almost absolute discretion as to
   whether a special administrator shall be appointed in any
   case.

2. After a widow had petitioned for the appointment of a general
   administrator of her husband's estate, a proposition was made
   for the settlement of a suit commenced by him in his life-
   time, which she deemed advantageous to the estate, and there-
   upon petitioned the probate court that her former applica-
   tion be dismissed, and that, pending the hearing of her peti-
   tion for her own appointment as general administratrix, a
   special administrator be appointed, who should be authorized
   to make such settlement. And it is held that she had a right

so to petition for her own appointment, and that the showing was sufficient to give the probate court jurisdiction to appoint a special administrator.

3. There is no statute expressly or impliedly preventing an administrator from compromising or adjusting a claim of the estate against a third person without suit, or compromising or settling such claim when a suit is pending.

4. At the time of the appointment of an administrator upon his petition as a creditor of the estate, the files of the probate court showed that a suit commenced by the deceased in his lifetime had been settled by a special administrator by order of the probate court. Subsequently distribution was made of the fund to the widow as such, as heir at law, and as guardian, the administrator interposing no objection, and the final account of the special administrator was allowed. The administrator suggested the death of the deceased, and his appointment, and filed a declaration in the suit, to which the settlement and satisfaction were pleaded, and upon the trial the administrator sought to attack the same as a fraud upon creditors. And it is held that that question could not be thus litigated; that the administrator must be presumed to have had notice of the probate proceedings; and that, if desirous of contesting the settlement upon the ground of fraud, it was his duty to have demanded the fund as general administrator, and, upon receiving it, to have tendered back the amount received from the defendant, and then proceeded with the suit, and shown fraud in the settlement, if any there was; citing *Jewett v. Petit*, 4 Mich. 508; *Walsh v. Sisson*, 49 Id. 423.

Error to Wayne. (Gartner, J.) Submitted on briefs April 12, 1892. Decided May 6, 1892.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*E. S. Grece*, in *pro per.*, contended:

1. The following propositions are submitted:

   a—The court of probate had no authority to appoint a special administrator on the petition for that purpose in this matter; the petition not setting up a case under the statute.

   b—The administrator so appointed had no authority to make a compromise of the matter in litigation, and the probate court could not have authorized him to do so.

c—The infant heirs were entitled to be represented by a guardian, duly appointed and qualified, to act for them, even before any compromise could have been made.

d—The creditors of deceased had an interest in the estate, and were entitled to have their rights determined.

2. In support of the first and second propositions, the Court are referred to How. Stat. §§ 5851–5854 (the amendment of 1889 not applying to this case), and to *In re Bassett*, 68 Mich. 348.

3. In support of the third proposition, it is submitted that no steps or proceedings could have been taken in the probate court, and no compromise could have been made, till the infants were duly represented by a guardian, and had notice of the proceedings; citing *In re Myers*, 73 Mich. 401. The law so carefully guards the rights of infants of such tender years that it will not in the slightest degree permit their rights to be infringed; citing *Sheahan v. Circuit Judge*, 42 Mich. 70; *Wood v. Truax*, 39 Id. 628; *Burt v. McBain*, 29 Id. 261; *Ballentine v. Clark*, 38 Id. 395.

*James H. Pound,* for appellant.

MORSE, C. J. Michael McDonough died at the city of Detroit, on the 23d day of February, 1889. Before his death he had sued out a writ of *capias ad respondendum* in the Wayne circuit court against the defendant, August Helm, and John Coll and John Frohm, claiming damages for an alleged assault upon him by them. On the 27th day of February, 1889, McDonough's widow, Elizabeth McDonough, petitioned the probate court of Wayne county that administration be granted to Edward S. Grece upon her husband's estate, stating that deceased was possessed of no real or personal property except the right of action against Helm, Coll, and Frohm, which was estimated at $1,000 or above. Nothing seems to have been done under this petition. March 8, 1889, the widow filed another petition, setting forth that since the date of the filing of the last petition the defendant, August Helm, had made a proposition to pay her and the other heirs of McDonough, consisting of three children, aged, respectively, 9, 7, and 6 years, the sum

of $800 in cash, to settle the claim of the estate of
McDonough against him, which sum Helm proposed to
pay immediately to the administrator of said estate on
authority being given said administrator to receive the
same; that, upon consulting with her friends, and con-
sidering the expense of litigation, she was satisfied that
it would be best for herself and the said minor children
to accept the sum so offered. She therefore prayed that
her application to have Grece appointed administrator be
dismissed; that Charles G. Eggerman be appointed special
administrator for the purpose of settling said claim of
damages against Helm; and that general administration
of the estate be granted to her. On the same day an
order was entered in the probate court appointing
Eggerman special administrator, and hearing was fixed
on the appointment of general administrator for April 2,
1889, at 10 o'clock A. M. An order was also entered
authorizing Eggerman to settle and compromise the
claim for damages against John Frohm. The register of
probate testifies that the judge of probate directed the
order to be made authorizing a settlement with August
Helm, but, by a clerical mistake in drafting the order,
he, the register, inserted the name of John Frohm
instead of August Helm. March 9, 1889, the $800 was
paid by Helm to Eggerman, and Mrs. McDonough gave
to Helm a receipt in full for all claims of her husband
against him, as did also the special administrator. Mrs.
McDonough was appointed guardian of the minor children,
and on the 29th day of June, 1889, petitioned the probate
court for an order that Eggerman pay to her $200 of
the $800 as the widow's share, and one-third of the
balance as heir at law, and the remaining two-thirds to
go to her as guardian of said children. Such an order
was made the same day. July 2, 1889, Eggerman filed
his final account as special administrator, showing that

he had paid the undertakers $55, and $20 for legal services, and the balance to Mrs. McDonough. Hearing was had on the final account July 30, 1889, notice of the same having been published according to law, and the account was allowed, and Eggerman discharged from his trust. Nothing further was done upon the petition of the widow for general administration except to publish notice of hearing.

May 28, 1889, Edward S. Grece petitioned to be appointed general administrator, and on the 27th of June, 1889, was duly appointed such administrator. Said Grece then filed a declaration in the case of McDonough against Helm, Coll, and Frohm, setting out the commencement of the action by *capias* before the death of McDonough, his decease, and the appointment as administrator, the suggestion of McDonough's death upon the record, and the revival of the suit, and then declaring for damages for the injury to McDonough in the sum of $5,000. To this declaration Helm pleaded the settlement and satisfaction of said claim by the payment of the said $800.

Upon the facts appearing as above stated, the circuit judge directed a verdict for the defendant.

The judgment below must be affirmed. No brief has been filed on the part of the appellee, but the record furnishes us the reasons given by the circuit judge, Hon. George Gartner, in his direction to the jury. The court below held that, the special administrator having submitted the matter to the probate court, and receiving authority from such court to settle the claim against Helm, and having done so, and submitted his accounts to the said probate court, which were allowed, and order of distribution made, such action must be considered a final settlement of the case. The circuit judge also thought that before this suit could proceed the money

received from Helm should be tendered or paid back to him by the estate of McDonough, or by some one in behalf of said estate.

The counsel for the plaintiff (Grece) contend that the special administrator was not properly appointed, and had no jurisdiction to settle the case. It is claimed, first, that the petition for the appointment did not confer any jurisdiction upon the court to appoint a special administrator.

The statute authorizing the appointment of a special administrator at the time the petition was filed, and when Eggerman was appointed such administrator, was as follows:

" When there shall be a delay in granting letters testamentary or of administration, occasioned by an appeal from the allowance or disallowance of a will or from any other cause, the judge of probate may appoint an administrator to act in collecting and taking charge of the estate of the deceased until the question on the allowance of the will, or such other question as shall occasion the delay, shall be terminated, and an executor or administrator be thereupon appointed; and no appeal shall be allowed from the appointment of such special administrator." How. Stat. § 5851.

Before Eggerman had been discharged, the statute was amended so as to read as follows:

" When by reason of delay in granting letters testamentary or of administration, or when from any other cause the judge of probate deems it expedient so to do, he may, after such notice as he may direct, appoint an administrator to act in collecting and taking charge of the estate of the deceased until an executor or administrator shall be appointed, and no appeal shall be allowed from the appointment of such special administrator."

This amendment was passed and approved by the Governor June 25, 1889, and took immediate effect. See Act No. 186, Laws of 1889; 3 How. Stat. § 5851. This statute, as amended, indicates the intention of the Legislature to

give the probate judge almost absolute discretion as to whether a special administrator shall be appointed in any case.

The widow's petition for the appointment of Eggerman was embraced in a petition asking that her former petition to have Edward S. Grece appointed general administrator be dismissed, and herself appointed such administrator under this new petition. This she had a perfect right to do, as she was the person making the first petition, and entitled, presumptively, to her choice as to who should administer her husband's estate. She showed that an immediate settlement could be made with Helm, if a special administrator was appointed; and authorized to receive the money. There had been a delay in appointing a general administrator, and under her petition, if granted, there must be further delay before she could be appointed under the new petition. We are not inclined to hold that the probate judge did not have jurisdiction to appoint a special administrator under these circumstances.

It is further contended that the special administrator had no power to compromise the suit pending against Helm, and that the probate court could confer no authority upon him to do so, and that the settlement was a fraud upon the infant heirs and the creditors of the estate.

It is the duty of the special administrator, under the statute, to collect the goods, chattels, and debts of the deceased, and to preserve the same for the executor or administrator who may afterwards be appointed. How. Stat. § 5852. In this case there were no goods or chattels to be collected, and no property of the estate, except a claim for damages in litigation at the time of McDonough's death. This claim was an uncertain one, and there was no money or other property of the estate to

meet the expenses of the suit then pending. Under the circumstances, the widow thought best to compromise the claim, and the probate judge agreed with her; and all the proceedings taken by her were for the purpose of such compromise, and were approved and authorized by the probate court. The query arises whether an administrator in such a case must peradventure proceed with the prosecution of the suit without any means to do so, and is debarred from making a fair and reasonable compromise, under the sanction of the probate court, with the defendant in such suit. We think such compromise and settlement can be made. It has been held by this Court that under our probate system, which provides for the proving of all claims against the estate, the administrator cannot bind such estate by an account stated, or by admissions. Nor can he compromise any claim; it must be proven. *Fish v. Morse*, 8 Mich. 34; *Clark v. Davis*, 32 Id. 154; *Barry v. Davis*, 33 Id. 515; *Durfee v. Abbott*, 50 Id. 283; *White v. Ledyard*, 48 Id. 264. These decisions rest upon the statute, which expressly provides for the *proving* of claims against the estate of a deceased person; but there is no statute expressly or impliedly preventing an administrator, who, under the law, has the management and control of the property of the estate, from compromising or adjusting a claim of the estate against a third person without suit, or compromising or settling such claim when a suit is pending. And it was held by a majority of this Court in *Sheldon v. Estate of Warner*, 59 Mich. 444, that an administrator was not bound to contest a just claim against an estate, on revivor of suit against such estate, but might consent to judgment against the estate.

The only question open on this settlement is whether it was a fair and just one, and without fraud; but this question cannot be litigated in the manner attempted

here. Grece was appointed general administrator upon his petition, claiming that he was a creditor of the estate, and that the property of such estate consisted in a claim for damages against Helm, Coll, and Frohm for assault and battery, the value of which he estimated to be $500. This petition was made May 28, 1889, and he was appointed June 27, 1889. At the time of his appointment the files of the probate court showed all that had been done towards this compromise, and afterwards the petition of the widow for the order of distribution and the order were made, and the account of the special administrator was filed and allowed. Of these things it must be presumed that Grece had notice, but it was not shown that he interposed any objection to this fund passing into the hands of the widow, or that he made any attempt to secure the fund for the benefit of creditors. It he was desirous of contesting this settlement upon the ground of fraud, it was his duty to have demanded the fund as general administrator. Then, upon gaining possession of the fund, he could have tendered back to Helm the $800, and proceeded with his suit, and shown fraud in the settlement, if any there was. *Jewett v. Petit,* 4 Mich. 508; *Walsh v. Sisson,* 49 Id. 423.

It is a significant fact bearing upon the question as to whether this was a fair settlement that Grece in his petition alleges the value of the claim against all of the defendants to be $300 less than the special administrator received from one of them without suit.

The judgment must be affirmed, with costs.

LONG, GRANT, and MONTGOMERY, JJ., concurred. McGRATH, J., took no part in the decision.