MUNICIPAL COURT, *vs.* JENNIE G. BOSTWICK, *et al.*

NOVEMBER 23, 1910.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1)    *Probate Law.    Bonds to Pay Debts and Legacies.    Decree of Unfaithful Administration.*

While the requirements of C. P. A., § 1027, as to what shall be shown by a creditor in a suit on a bond given to a Probate Court are broad enough to

include suits upon any bond given to such court when brought by a creditor of a decedent, yet some of them are inapplicable to suits brought upon bonds for the payment of debts and legacies, and there is no necessity for obtaining a decree of unfaithful administration before bringing suit upon such a bond.

(2)   *Probate Law.   Bond to Pay Debts and Legacies.   Filing Claim.*

Where a bond has been given to pay debts and legacies it is still necessary to file claims in the Probate Court, under C. P. A., § 883, and a claim not so filed is barred.   Where a claim has been filed, the burden is upon the claimant to prove it, and that it has not been disallowed, or if disallowed has been established according to law, and a declaration should contain these essential averments.

(3)   *Declarations.   Amendments.*

Where a declaration is demurrable because lacking essential averments, if it is made to appear to the court that necessary steps were actually taken, it may be amended with or without terms in the discretion of the court.

DEBT on probate bond.  Heard on exceptions of both parties, and overruled.

DUBOIS, C. J.   This is an action of debt on bond brought in the Superior Court, in the name of the Municipal Court of the city of Providence, at the instance of Aldrich Eldredge Company, a corporation, claiming to be a creditor of Louis K. Bostwick, deceased, to the amount of $230.37, against the defendant as executrix of said decedent upon her bond to pay his debts and legacies.   The declaration alleges the execution of the bond by the defendants, the executrix and her surety; that the testator owed said creditor the above-named sum, which the defendants by virtue of the bond became liable to pay, and which they have refused to pay after request.   To this declaration the defendants have demurred, because

1st.   It does not show that said creditor's claim was filed in the Probate Court.

2d.   It does not show that said claim was not disallowed by said executrix or has been established by commissioners or by judgment.

3d.   It does not show that a decree of unfaithful administration has been entered by the Probate Court.

4th. It does not show that plaintiff is entitled to bring any action on said bond against these defendants.

After a hearing upon the demurrer in the Superior Court, the presiding justice sustained the demurrer upon the first and second grounds and overruled the demurrer so far as it was dependent upon the third ground. To these rulings the parties severally excepted, and the case is now before this court upon their bills of exceptions. In reaching his conclusions the presiding justice of the Superior Court expressed himself as follows: "Giving full effect to the decisions in this State upon the status of an executor who has given a bond to pay debts and legacies, we think that a creditor is not exempt from the provisions of the statute requiring him to file his claim and obtain its allowance in the Probate Court. We think the executor who has given such a bond is entitled to the protection of the statute and that he is not subject to an action by any person claiming to be a creditor but whose claim has not been previously ascertained.

"We doubt if it would be necessary to obtain a decree of unfaithful administration against an executor who has given bond to pay debts and legacies under the decisions of this State."

The object to be effected in obtaining a decree of unfaithful administration against an executor who has given the usual and ordinary bond under the provisions of C. P. A., § 1012,— which reads in part as follows: "Every executor, administrator, and guardian, before entering upon the execution of his trust, shall give bond to the court of probate in such sum as it shall require, with sufficient surety or sureties, and with condition, except as provided in sections 1013 and 1014, substantially as follows:

"1. In the case of an executor or administrator with the will annexed:

"First. To make and return to the probate court as by law required a true inventory of all the testator's personal property which, at the time of making such inventory, shall have come to his possession or knowledge.

"Second.  To administer according to law and the will of the testator all personal property of the testator which may come to his possession or into the possession of any person for him, and all rents and proceeds of real estate which may be received by him.

"Third.  To render upon oath true accounts of his administration as by law required." — is to procure conclusive proof of the breach of the second condition aforesaid, which is expressly excepted from the conditions of the bond to pay debts and legacies given under the provisions of the following section: "SEC. 1013.  Instead of the above bond an executor, if so authorized by the will, or if he be the residuary legatee thereunder, may give a bond to the probate court in a sum and with surety satisfactory to the court, and with condition to pay the funeral charges, debts, and legacies of the testator and such allowance as may be made by the court for the support of the widow and family of the testator.  In such case an executor shall not be required to return an inventory, and an executor who is a residuary legatee need not render an account to the probate court."  The requirements of C. P. A., § 1027: ("If such suit be brought by a creditor of the deceased person, he shall show:

"(1)  That his claim has been duly filed.

"(2)  That his claim has not been disallowed by the executor or administrator, or has been established by commissioners or by judgment.

"(3)  That a decree of unfaithful administration has been entered as provided in the next following section, and if the estate be insolvent, he shall also produce a copy of the order of distribution.") are broad enough to include suits upon any bond given to a Probate Court when brought by a creditor of a deceased person; but it is evident that some of them are inapplicable to suits brought upon bonds for the payment of debts and legacies:  Thus the provision for producing a copy of the order of distribution if the estate be insolvent is inappropriate in the case of such bonds.  As was said by Douglas, J., in *Adams* v. *Probate Court, &c.,* 26 R. I. 239, 244:  "An execu-

tor who is also residuary legatee may give bond to pay the funeral charges, debts, and legacies, and, having done this, he may take possession of the assets as his own property and dispose of them as he sees fit to his own use. He may pay the debts and legacies either out of the assets or out of his own estate. Neither the court nor the legatees are concerned with his management of the estate or with its fortunes, or can call him to account therefor after it passes into his hands. If losses occur, the executor must bear them. If the property increases in value, the profit is his. To all intents·and purposes the bond stands in place of the estate." As "the bond stands in place of the estate," the solvency or insolvency of the estate itself is unimportant. Neither does there appear to be any necessity for obtaining a decree of unfaithful administration before bringing suit upon a bond to pay debts and legacies, because by the terms of the statute a condition to administer the estate according to law is made unnecessary in those peculiar bonds.

We are therefore of the opinion that suits upon bonds to pay debts and legacies are not governed by the provisions of section 1027 aforesaid. There is, however, a distinction to be noticed between suits by legatees and suits by creditors upon such a bond. In the case of *Probate Court* v. *Adams*, 27 R. I. 97, 98, it appears that the defendant in "The fourth plea alleges that the plaintiff is a legatee under the will and has not obtained judgment against the principal defendant before bringing this suit." The decision was that the plea was without merit: "We have already held, in the suit in equity (26 R. I. 239), that the obligation under this bond to pay legacies is absolute, and so no suit is required to establish the duty; and the amounts of the legacies are fixed by the will." The obligation to pay debts is also absolute, but no specific indebtedness is mentioned in the will. What debts then are to be paid? Manifestly the debts of those presenting and establishing their claims against the decedent according to law. C. P. A., § 883, *inter alia,* provides that "All persons having claims, including pending suits, preferred claims, and claims of the executor or adminis-

trator, against the estate of a deceased person shall file statements of their claims in the office of the clerk of the probate court." Claims so filed within six months of the first publication by the first executor or administrator of notice of his qualification to be preferred; and claims not filed within a year of said publication shall be barred, with a provision covering failures to file claims by reason of accident, mistake, or unforeseen cause. The statute recognizes no exceptions. In the case of *Taylor* v. *The Superior Court*, 30 R. I. 560, 566, we called attention to the fact that such filing of a claim was held to be "equivalent to the service of process upon a defendant so as to subject the executor or administrator to the jurisdiction of the court or other tribunal, and give validity to the judgment or allowance that may follow. 2 Woerner Adm. § 397, and cases cited."

Under the provisions of C. P. A., § 886, the executor or administrator must *disallow* such claims as he intends to contest within the time therein prescribed. See *Fitz-Simon* v. *Fitz-Simon*, 28 R. I. 555, 558. The plaintiff claims that the giving of a bond to pay debts and legacies by a residuary legatee obviates the requirements of the statutes as to filing claims. In support of this contention the plaintiff places reliance upon the case of *Wheeler* v. *Hatheway*, 58 Mich. 77, where the court did use the following language (p. 80): "It is now contended on behalf of the defense that the mortgage did not constitute a valid claim against the estate of *Gilbert Hatheway*, because it had never been proved and allowed by commissioners or in the probate court, as provided by statute, and the time for proving and allowing it had gone by. This contention would seem to be sufficiently answered by the cases in which it has been decided that where the executor gives bond as residuary legatee, the claims against the estate are not to be proved in the customary way. *Probate Judge* v. *Abbott*, 50 Mich. 278, 479;" but the court also added: "But if it were otherwise it would be of no moment in this case. No such question was raised between the parties before the plaintiff's husband paid the mortgage, or before the amount was refunded to him;

but it was conceded that if the testator had assumed the payment of the mortgage the residuary legatee should pay it. Upon that concession he must stand now."

It thus appears that the former statements were unnecessary to the determination of the point in issue and were therefore obiter dicta.

The plaintiff has also called our attention to the case of Probate Judge v. Abbott, 50 Mich. 278. This was a suit upon a bond to pay debts and legacies, against the principal and sureties, to recover the amount of an alleged indebtedness of the testator to one Culver. The sole evidence of indebtedness to Culver, which was produced on the trial, consisted in an order of the judge of probate, purporting to be an allowance of Culver's claim at a sum specified. The only notice of the pendency of the proceedings before said Probate Court was by publication. This was held to be insufficient, the court saying: "The demand having become the personal obligation of the executor and his sureties, they are entitled to have it treated as a personal obligation in the proceedings to prove it. They are entitled to their day in court, and to personal service of process, or a substitute therefor, to bring them before the court. Merely constructive notice which may never reach them, and which would be insufficient in the case of other personal demands, will be insufficient in this case also. It follows that the supposed allowance of the claim by the judge of probate was ineffectual and the judgment based upon it is erroneous. It will be reversed with costs and a new trial ordered." In the course of its consideration of the case the court said: "But supposing the publication proved, let us see how the case will stand. The plaintiff, to maintain his judgment, must establish the following propositions: First, that claims must be proved and allowed where the executor, as residuary legatee, has given bonds to pay debts and legacies, or at least that they may be, as in other cases; and second, that when the judge of probate proposes himself to hear and pass upon claims, notice by publication is an admissible process for bringing the parties

concerned before him.   If he fails in supporting either of these
propositions, he fails altogether.

"That in respect to the proof of claims there are essential
differences between this case and the ordinary case of adminis-
tration, is obvious on the most cursory examination of the
statutes.   An executor who gives the customary bond has no
authority whatever to dispense with the proof of claims, or
to make any admissions respecting them which can bind either
himself or the estate.   *Fish* v. *Morse*, 8 Mich. 34.   His duty
is to defend the estate against claims; not to allow them; and
he can pay only such as are judicially approved.   The necessity
for the allowance of claims is therefore imperative and absolute.
But the executor, who is residuary legatee and has given bond
as such, may settle and pay the claims at discretion, and no-
body except the sureties in his bond can question his acts,
for the very obvious reason that no one else is concerned.   Even
the sureties could question them only in case attempt was
made to charge them personally upon his default in making
payment.   The giving of such a bond substantially completes
the administration; and if the further intervention of the
judge of probate is admissible for the adjustment of claims,
it is certainly not essential unless it may be when a claim is
asserted which the executor disputes.   The settlement of
claims is the personal affair of the executor and the claimants,
to be disposed of in their own way and at their own pleasure."

The differences in respect to proof of claims, between
the case where an executor has given bond to pay debts
and legacies and the ordinary case of administration, so
obvious to the court aforesaid "on the most cursory exam-
ination of the statutes" of Michigan, do not exist under the
Statutes of Rhode Island.   In this State the executor or ad-
ministrator who gives the customary bond has complete
authority to dispense with the proof of claims, and even by
neglecting to disallow a claim filed which he had intended to
contest may bind the estate by such omission.   No good
reason has been advanced for construing C. P. A., § 883,
*supra*, to apply only to claims proved in the ordinary course

of administration. A bond to pay debts and legacies is not a bond to pay all claims. There must be some time and place when and where the validity of a claim originally held against a decedent may be inquired into by an executor or administrator who has given bond to pay the debts and legacies of his decedent. And no better time or place has been suggested for the initial inquiry than the one provided by the statute itself. We are therefore of the opinion that it was necessary to file the claim in question in the office of the clerk of the Probate Court under C. P. A., § 883, *supra*, and that if the claim was not so filed within the statutory period that the same has been barred by the provisions of the statute. That if the claim was so filed the claimant is obliged to prove it and that it is also incumbent upon the claimant to prove that the same has not been disallowed by the defendant or, if disallowed, that the same has been established according to law. As it is necessary to prove that these essential steps have been taken, it is also necessary to aver, in the declaration, a compliance with the law in these respects. The declaration in the case at bar lacked these averments and was therefore demurrable, and the demurrer thereto upon these grounds was properly sustained.

The exceptions of the plaintiff and defendant are severally overruled, and the case is remitted to the Superior Court for further proceedings. If, however, it should be made to appear to the Superior Court that the claim had been duly filed and not disallowed, or, if filed and disallowed, nevertheless it had been legally established, there is nothing to prevent the court from allowing an amendment to be made to the declaration in these particulars, with or without terms, in the discretion of said court.

*Henry P. Eldredge, Jr.*, for plaintiff.
*Doran and Flanagan*, for defendants.